# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**MICHAEL FARMER,**
**Claimant Below, Petitioner**

**FILED**

January 25, 2018
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 17-0727** (BOR Appeal No. 2051865)
                   (Claim No. 2017012859)

**DCI/ SHIRES, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Michael Farmer, by Reginald D. Henry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. DCI/Shires, Inc., by Timothy E. Huffman, its attorney, filed a timely response.

The issue on appeal is compensability. The claims administrator rejected the claim on November 29, 2016. The Office of Judges affirmed the decision in its March 9, 2017, Order. The Order was affirmed by the Board of Review on July 27, 2017. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Farmer, a fleet mechanic, alleges that he was injured in the course of his employment on November 9, 2016, while swinging a sledgehammer. Prior to that day, on October 26, 2016, Mark Deel, safety manager for DCI/Shires, Inc., wrote a statement in which he said that Mr. Farmer was limping. When asked about an injury, Mr. Farmer told Mr. Deel that he worked around his house all weekend and his back and leg were hurting. Mr. Farmer then told Mr. Deel that it was nothing work-related. On November 7, 2016, Linda Meredith, a secretary for DCI/Shires, Inc., stated in an email that Mr. Farmer was taking a sick day. He did not call the office or leave an email address. On November 11, 2016, Ms. Meredith stated in an email that Mr. Farmer failed to report to work and did not call in to report his absence.

1

A treatment note from Bluefield Regional Medical Center dated November 15, 2016, indicates Mr. Farmer underwent a CT scan of his abdomen and pelvis for pain. It showed a prominent bladder wall. It also showed multilevel disc changes throughout the spine. An emergency room nurse's note from that day states that Mr. Farmer was treated for back sprain and muscle spasm in the lumbar region. Mr. Farmer reported back pain since Wednesday and the mechanism of injury was listed as turning. The Emergency Room Physician Document indicates Ankur Fadia, M.D., examined Mr. Farmer. Dr. Fadia stated that Mr. Farmer had lower back pain with "no known mechanism of injury". Mr. Farmer later stated that the "problem was sustained from unknown cause". Mr. Farmer reported his symptoms began the day before. He stated that he had previously experienced similar symptoms and was told at that time that he had a back sprain. Dr. Fadia diagnosed lumbar region back sprain and lumbar region muscle spasm. Mr. Farmer listed his private health insurance on medical forms.

The employer's first report of injury, completed by Joyce Shires, indicates Mr. Farmer was a mechanic who injured his back while working on a backhoe bucket. He reported the injury on November 16, 2016. Ms. Shires stated that Mr. Farmer had back issues and had previously missed work. She questioned the injury because Mr. Farmer told coworkers he was hurt before coming to work and he did not report a work-related injury until after he was fired.

In a recorded conversation on November 17, 2016, between Mr. Farmer and Mary Rose of BrickStreet Insurance, the claims administrator, Mr. Farmer stated that he injured his back on November 9, 2016, between 4:00 and 5:30 in the employer's garage. He stated that he was working on a bucket which involved welding and using a ten pound sledgehammer. He stated that at the time of this injury, he was working with a co-worker, Pat, who was aware of the injury and advised him to sit down. Mr. Farmer alleged that he was off work for four or five days and called in but he was told he did not need to call in. He then stated that he called in to an answering service and did not actually speak to anyone. Mr. Farmer said that he did not complete a report of injury and that the only person who knew of the injury was Pat. However, he then stated that "they asked me to call in every morning". Mr. Farmer did not seek medical treatment until November 16, 2016, the Tuesday after the injury allegedly occurred. He alleged this was because he could not move and on Tuesday, he could walk. He stated that Ms. Shires called him on November 16, 2016, and fired him but just before she fired him, Mr. Farmer reported that he was injured at work. He alleged that he reported a work-related injury on November 15, 2016, at the hospital and completed a first report of injury form. He stated that his back bothered him for two to three weeks prior to the alleged injury and some of his coworkers were aware. He stated that he had moved pellets at home two months prior and his back started hurting three or four weeks before the alleged injury on November 9, 2016. Mr. Farmer also admitted to having back issues fifteen to twenty years prior.

The claims administrator rejected the claim on November 29, 2016. Mr. Farmer again sought treatment on November 30, 2016. An emergency room nurse documentation form indicates Mr. Farmer returned due to back pain that radiated into his left leg. The onset was two weeks prior. Treatment notes stated that he was diagnosed with back pain with sciatica on the left and denied any similar episodes in the past. Treatment notes from Joshua Keene, D.C., from

December of 2016 through January of 2017, indicate Mr. Farmer had lumbar and left leg pain. He was sent for an MRI and then referred to a neurosurgeon. A lumbar MRI, interpreted by Dennis Walker, D.O., showed multilevel spondylosis at L4-5 with extruded disc material at L5 resulting in severe narrowing of the right lateral and central canal. There was moderate effacement of the right L5 nerve by disc material.

The February 7, 2017, employee's and physician's report of injury indicates Mr. Farmer injured his back while swinging a sledgehammer. The physician's section, completed by Bluefield Regional Medical Center, lists the diagnoses as back sprain with muscle spasm in the lumbar region.

Mr. Farmer testified in a hearing before the Office of Judges on February 13, 2017. He stated that he was working as a diesel mechanic on November 9, 2016, when he injured his back while swinging a sledgehammer. Mr. Farmer asserted that he told his coworker, Pat, that he injured himself. Mr. Farmer stated that he missed four days of work after the injury and called into work each day to leave a voice message saying he would not be in. Mr. Farmer alleged that he injured his mid/upper back between August and October of 2016. He also admitted to a prior back injury three years prior but stated that the pain had resolved. Mr. Farmer testified that he used the company cell phone to call in to work on the four days that he missed. On November 15, 2016, he said that he spoke to Ms. Shires and told her of his injury. He denied hurting his back while moving a forty pound bag of wood pellets at his home. Mr. Farmer's wife also testified. She stated that Mr. Farmer came home on November 9, 2016, in a lot of pain. She said that she did not hear him call in to work but he told her that he had. Mrs. Farmer also testified that her husband hurt his back while moving wood pellets at home and that his back started hurting three or four weeks before November 9, 2016.

Ms. Shires also testified in the hearing. She stated that she is a part owner of the company and serves as the vice president of administration, which includes human resources and safety. During the week of November 7, 2016, through November 11, 2016, Ms. Shires received an email from Linda Meredith stating that attempts to contact Mr. Farmer to determine why he was not at work were unsuccessful. Ms. Shires stated that she left a message for Mr. Farmer on his home phone but the message was never returned. Ms. Shires stated that the company had an answering service and that there were phone difficulties periodically during that time; however, messages were still left. Ms. Shires testified that Mr. Farmer finally answered his phone on November 15, 2016, at which time she told him he was fired for failing to report to work. She also said that he had not been performing his work duties as required and had been working more hours than were approved. Ms. Shires stated that Mr. Farmer did not report a work-related injury to her at that time and did not tell her he was going to the hospital. Ms. Shires further testified that she received a note from safety manager, Mr. Deel, indicating he saw Mr. Farmer limping on October 24, 2016, and Mr. Farmer explained that he injured his back while moving wood pellets at his home. Ms. Shires stated that the company first learned of the alleged injury on November 16, 2016, when Mr. Farmer called to ask for his workers compensation number and said that he had gone to the hospital. Ms. Shires spoke to Mr. Farmer's coworker, Patrick Groseclose, who stated that Mr. Farmer's back hurt prior to coming to work because he'd hurt himself over the weekend. Ms. Shires was unsure which part of Mr. Farmer's back he was referring to.

3

The Office of Judges affirmed the claims administrator's decision on March 9, 2017. It found that it is undisputed that Mr. Farmer did not report the alleged injury on November 9, 2016, and did not report it to his employer until November 15, 2016, which was the day he was fired and the day he first sought treatment for his lower back. The Office of Judges further found that Mr. Farmer's co-worker, Patrick Groseclose, told Ms. Shires that Mr. Farmer told him he hurt himself over the weekend. The Office of Judges found evidence that Mr. Farmer injured his back while moving wood pellets. Mr. Deel, safety manager, noticed Mr. Farmer limping on October 24, 2016, and when he inquired about it, Mr. Farmer stated that he hurt his back working around the house that weekend. Mr. Farmer denied moving wood pellets at home in his testimony; however, toward the end of the hearing, his wife stated that he moved pellets at home and his back started hurting three or four weeks before the alleged November 9, 2016, injury. The Office of Judges found that this corroborated Mr. Deel's account. The Office of Judges concluded that the evidence shows that Mr. Farmer had back pain prior to November 9, 2016.

The Office of Judges next determined that Mr. Farmer sought treatment for his back on November 15, 2016. There were two separate treatment notes from that visit. The first, a nurses' note, indicates Mr. Farmer reported back pain that began on Wednesday. The mechanism of injury was listed as turning. This would be consistent with pain that started on November 9, 2016. However, there was no mention of a work-related injury. The second report from that day indicates the "problem was sustained from an unknown cause" and that the symptoms began the day before, November 14, 2016, which was inconsistent with the alleged injury on November 9, 2016. Further, Mr. Farmer did not report his alleged injury until the day he sought medical treatment, November 15, 2016. That same day, prior to seeking treatment, he was terminated from his position for failure to report to work. Though he alleged that he called and left messages on the days he missed, the Office of Judges determined that the evidence indicates otherwise. In a recorded phone conversation with the claims administrator, Mr. Farmer said that he was off of work for four or five days and that he called in but was told that he did not need to call in. He then stated that he called in to an answering service but never spoke to a person. Later, in his statement, he said that the employer asked him to call in every morning. Ms. Shires, part owner of the company, testified that the employer received no messages from Mr. Farmer during the time he was not reporting to work. She also stated that they attempted to contact Mr. Farmer but were unable to reach him.

The Office of Judges ultimately concluded that Mr. Farmer injured his back outside of work prior to November 9, 2016. Though it is possible his pain increased on that day, a preponderance of the evidence shows that he did not sustain a work-related injury. Further, Mr. Farmer missed two days of work before the alleged injury and it was noted on October 24, 2016, that he reported injuring his back at home. Further, the medical evidence from November 15, 2016, does not indicate that a work-related injury occurred. Finally, Mr. Farmer did not report the alleged injury until after his employment was terminated. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its decision on July 27, 2017.

4

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. The evidence indicates Mr. Farmer injured his back outside of work prior to November 9, 2016. Further, he did not report a work-related injury until after he was terminated from his employment for failure to report to work.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: January 25, 2018**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker